IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,      :

v.                                              :   CRIMINAL CASE NUMBER:

CLIFFORD WAYNE HILL          :   1:16-CR-051-TWT-JSA

## FINAL REPORT AND RECOMMENDATION

As the result of an ongoing criminal investigation of bid rigging and bank fraud related to public real estate foreclosure actions in Georgia, the government obtained an Indictment against Defendant, charging him with one count of bid rigging, in violation of 15 U.S.C. § 1, and seven counts of alleged bank fraud, in violation of 18 U.S.C. § 1344. The government alleges that Defendant and his alleged co-conspirators engaged in a scheme of bid rigging, through which they agreed not to compete against each other on the purchase of selected properties at public foreclosure auctions, would designate which conspirator would bid for selected properties at auctions, would refrain from and stop bidding for selected properties at auctions, and would purchase selected properties at auctions at prices they allegedly artificially suppressed.

The matter is now before the Court in Defendant's Motion to Dismiss the Indictment Based Upon Selective Prosecution and Enforcement. Defendant's Motion raises two questions. The threshold question is whether Defendant has put forth enough evidence to overcome the presumption that a prosecution does not violate

equal protection by showing both that the prosecution had a discriminatory effect and was motivated by a discriminatory purpose. If the Defendant fails to meet this demanding burden with clear evidence of selective prosecution, the question becomes whether Defendant has put forth enough evidence to compel discovery on the question of selective prosecution, by (1) making a credible showing that those similarly situated to himself were not prosecuted for the same offense; and (2) establishing more than bare allegations indicating that the government is prosecuting Defendant, at least in part, because of, and not in spite of, his race, religion, or some other arbitrary classification. As explained below, the undersigned finds for the government on both of these questions, and **RECOMMENDS** that the Motion to Dismiss the Indictment Based Upon Selective Prosecution and Enforcement [29] be **DENIED**.

## I.   BACKGROUND

### A.   Procedural History

Defendant filed his Motion to Dismiss the Indictment Based Upon Selective Prosecution and Enforcement on July 28, 2016 [29]. The Motion raises three related issues. First, Defendant argues that the Indictment should be dismissed because the government's decision to prosecute him constitutes selective prosecution and selective enforcement in violation of his due process and equal protection rights. Mot. Dismiss [29] at 1. Second, Defendant requests discovery on his selective prosecution and

enforcement claims should his Motion to Dismiss be denied. Third, Defendant requests that, once he receives discovery on the matter, he be granted an evidentiary hearing on his selective prosecution and enforcement claims. The Court held a pretrial conference on August 1, 2016 [30], and set a briefing schedule for the Motion. The government filed a response brief on August 19, 2016 [31], and Defendant filed his reply on September 2, 2016 [32]. The following facts are adduced from the motions filed by both parties.

### B.    Facts

Defendant was charged, along with four other individuals, with participating in bid rigging and fraudulent conduct at foreclosure auctions in Gwinnett County. Resp. at 2. In addition, in the past few years, in the metropolitan Atlanta area, another eighteen defendants have been charged in connection with bid rigging and fraudulent schemes involving real estate foreclosure auctions. *Id.* at 2-3. To date, twenty-one real estate investors have pleaded guilty to participating in bid rigging at foreclosure auctions in the metropolitan Atlanta area. *Id.* at 3. Furthermore, during the past six years, the Antitrust Division of the Department of Justice has prosecuted approximately 125 individuals for participating in similar bid rigging conduct at foreclosure auctions throughout the United States. *Id.*

According to Defendant, V.W., a large volume purchaser of properties at public foreclosure auctions in the metropolitan Atlanta area, was engaged in bid rigging. Mot. Dismiss [29] at 3. Defendant alleges that V.W. engaged in bid rigging relating to a larger volume of properties than the number of properties Defendant is alleged to have engaged with. *Id.* Defendant alleges that the government has ample evidence to pursue a criminal prosecution of V.W., and others, for the same or similar conduct that it has alleged against Defendant but that the government has declined to prosecute V.W., and others. *Id.* Defendant alleges that under the terms of the Antitrust Division's policies, V.W. does not qualify for "leniency." *Id.* V.W., the only comparator that Defendant names, is apparently a government cooperator.[1] Resp. at 18. Defendant makes no allegation that he has been targeted for exercising his

---

[1] Neither the government nor Defendant explicitly states that V.W. is a government cooperator. However, Defendant's Motion refers to the Antitrust Division granting V.W. "leniency." Similarly, although the government never outright states that V.W. is a cooperator, it indicates in its Response that "the defendant claims that the government has not prosecuted others who have cooperated with the government's investigation." Resp. at 8. Because the government rests its argument that Defendant and the comparators that Defendant has named on the fact that government cooperators are not similarly situated to criminal defendants as a matter of law, the only logical inference this Court can make is that V.W. is a government cooperator. As explained below, however, the Court's decision does not rest upon the deduction that V.W. is a government cooperator. Even otherwise, Defendant has failed to allege anything rising to a constitutionally impermissible motive for the government's prosecution; therefore, regardless of whether V.W. is "similarly situated" to Defendant, Defendant's Motion fails.

constitutional rights, that he has been the victim of government harassment, or that the government is discriminating against him based on his race or religion.

## II. ANALYSIS

### A. The Defendant Has Not Put Forth Sufficient Evidence to Warrant a Dismissal of the Indictment

The parties generally agree as to the standard Defendant must meet in order to warrant a dismissal of the Indictment for selective prosecution. Government prosecutors possess discretion with regard to charging decisions "subject to constitutional constraints." *United States v. Shaygan*, 652 F.3d 1297, 1312 (11th Cir. 2011) (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)) (quotation marks omitted). The government's decisions as to whom to prosecute are presumed not to violate equal protection principles. *See United States v. Brantley*, 803 F.3d 1265, 1271 (11th Cir. 2015). The burden is on the defendant to present clear evidence of selective prosecution. *Id.* (citing *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000)). This is a "demanding" burden, requiring the defendant to produce clear and convincing evidence "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Smith*, 231 F.3d at 807-8 (quoting *Armstrong*, 517 U.S. at 465) (quotation marks omitted).

Discriminatory effect requires a showing that individuals similarly situated to a defendant were not prosecuted for the same offense. *United States v. Jordan*, 635 F.3d 1181, 1188 (11th Cir. 2011). The discriminatory purpose prong requires that the government prosecutes the defendant "because of, not merely in spite of," his race, religion, or some other arbitrary classification. *Id.* (quoting *Wayte v. United States*, 470 U.S. 598, 610 (1985)) (quotation marks omitted). Defendant fails to establish, or even assert, anything more than bare, conclusory allegations of discriminatory purpose and discriminatory effect, as discussed below.

1.    *Discriminatory Effect*

Defendant argues that he has met his burden of establishing discriminatory effect by pointing to V.W., a large volume purchaser of properties at public foreclosure auctions in the metropolitan Atlanta area. Mot. Dismiss [29] at 3. Defendant asserts that the government possesses "ample evidence" to pursue criminal prosecution of V.W., and others, for the same or similar conduct which it has alleged against Defendant. *Id.* Although the government does not deny that it has evidence that V.W. and others were engaged in similar conduct to that alleged against Defendant, it apparently contends that V.W. has cooperated with the government's investigation, and therefore V.W. is not similarly situated for purposes of this

analysis.[2] Resp. at 18. Defendant argues that V.W. does not qualify for "leniency" based on the Antitrust Division's own policy, but provides no evidence of the veracity of that claim. Mot. Dismiss at 3.

A "similarly situated" individual is "one who engaged in the same type of conduct" as the defendant. *Brantley*, 803 F.3d at 1271 (quoting *Smith*, 231 F.3d at 810) (quotation marks omitted). The "comparator" must have "committed the same basic crime in substantially the same manner as the defendant– so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan– and against whom the evidence was as strong or stronger than that against the defendant." *Id.* at 1271-72 (quoting *Smith*, 231 F.3d at 810) (quotation marks omitted).

In *United States v. Brantley*, 803 F.3d at 1268, the Eleventh Circuit upheld the denial of a motion to dismiss for selective prosecution brought by a defendant convicted of violating 18 U.S.C. § 4, Misprision of felony. In that case, the defendant was charged with misprision after her boyfriend, a convicted felon in possession of a firearm, shot and killed two police officers. *Id.* The defendant was present at the time of the shooting, and the jury found that she "knew about a federal felony (her

---

[2] Footnote 1 addresses the reason that this Court believes the government "apparently contends" that V.W. is a cooperator.

convicted-felon boyfriend's possession of the firearm which he used to shoot the officers), did not report that crime to the authorities, and, in the aftermath of the murders, took affirmative steps to conceal [her boyfriend's] felony from the authorities." *Id.* at 1269.

The defendant argued that the government's decision to prosecute her, and not another individual with knowledge that the defendant's boyfriend was a convicted felon in possession of a firearm, amounted to selective prosecution. *Id.* at 1270. Although the Court acknowledged that the other individual saw the defendant's boyfriend in possession of a firearm, knew that the defendant's boyfriend claimed to have killed a civilian, hosted the defendant's boyfriend in her home after the civilian was shot, and failed to report to law enforcement information about the murder of the civilian, the Court determined that the defendant and the individual still were not similarly situated. *Id.* at 1272. Finding "significant differences between" the defendant and the other individual, including the defendant's presence at the time of the shooting of the officers and the voluntary nature of the defendant's decision not to disclose the shooter's name, the Court found that "the prosecution had legitimate reasons for viewing them differently." *Id.*

In *United States v. Silien*, 825 F.2d 320, 322 (11th Cir. 1987), the Court found that it was not selective prosecution for the government to bring charges against the

putative husbands involved in marriage fraud, but not against the putative wives. In deciding that the putative wives were not similarly situated to the putative husbands, the Court took into account that the putative wives "cooperated with the government and testified against the putative husbands at trial." *Id.* The Court stated that "a defendant fails to satisfy the 'similarly situated' prong of the selective prosecution defense when those not prosecuted cooperated with the government, or were lower in the organizational structure of the conspiracy than those prosecuted, and when the defendant offers nothing but bare general allegations that the selectivity was motivated by racial considerations." *Id.*

The government asserts that as a matter of law, an individual who cooperates with the government in an investigation is not similarly situated to an individual prosecuted for criminal conduct. Resp at 8. Defendant argues that the government misreads *Silien*. Reply at 2-3. Defendant reads *Silien* to mean that the government must show both that the comparator was a government cooperator and that Defendant made only bare general allegations with regard to the constitutional violation. *Id.* at 3. Claiming that he has put forth more than bare general allegations, Defendant argues that he has, in fact, met his burden of establishing discriminatory effect. *Id.*

Based on the record here, including the representation that the comparator Defendant relies on has cooperated with the government's investigation, Defendant

9

fails to show that he is similarly situated to non-prosecuted individuals. That V.W. has

apparently cooperated with the investigation is itself a basis for the government to

treat him or her differently and make different prosecution decisions. In any event, as

discussed below, even if Defendant could establish some similarity between himself

and V.W., his Motion still fails because he fails to show (or even allege) that any

difference in treatment was due to race or some other impermissible characteristic.[3]

### 2.    *Discriminatory Purpose*

"The discriminatory purpose prong requires that the decisionmaker selected or

reaffirmed a particular course of action at least in part because of, not merely in spite

of, its adverse effects upon an identifiable group." *Jordan*, 635 F.3d at 1188 (quoting

*Wayte v. United States*, 470 U.S. 598, 610 (1985)) (quotation marks omitted).

Defendant argues that the prosecution is based "at least in part" on an arbitrary

classification. Mot. Dismiss at 7. He cites to the Antitrust Division's failure to

prosecute others engaged in bid rigging and bank fraud, claiming that the Antitrust

---

[3]Defendant's reading of *Silien* collapses the discriminatory effect and discriminatory purpose prongs into one. The Eleventh Circuit has made clear that these are separate analyses. *See, e.g., Brantley*, 803 F.3d at 1272-73 (explaining that a comparator is "similarly situated" to a defendant only if they are "nearly identical," and analyzing that question wholly separately from the question of whether the decision to prosecute "was based on an unjustifiable standard such as race, religion, or other arbitrary classification"). In any event this is irrelevant because Defendant establishes neither substantial similarity nor disparate treatment on grounds of race or some other impermissible consideration.

Division has evidence against certain persons but is not using it to initiate a prosecution. *Id.* Defendant claims that V.W., the only named comparator, is "culpable to an even greater degree, given their involvement with a greater volume of properties." *Id.* at 6. However, these assertions are not supported by any evidence. Instead, Defendant claims that the Antitrust Division has granted V.W., and others, "leniency." *Id.* at 8. This leniency, according to Defendant, is not warranted based upon the Antitrust Division's own policies. Yet Defendant fails to explain how or why V.W. does not meet the criteria for leniency as set out in the Antitrust Division Manual.

Although Defendant cites *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886), seemingly for the proposition that demonstrating discriminatory effect due to enforcement may establish intent, that is only true when the "administration of a criminal law is 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that the system of prosecution amount to 'a practical denial' of equal protection of the law." *Armstrong*, 517 U.S. at 464-65 (quoting *Yick Wo*, 118 U.S. at 373). In *Yick Wo*, the Court was presented with evidence that 200 Chinese-operated laundries were shut down by the government, while 80 other laundries, engaged in "the same business under similar conditions," that were not Chinese-operated were "permitted to carry on." 118 U.S. 356 at 374.

11

Defendant has provided no evidence to indicate that he is part of a particular class of persons being discriminated against. He has not claimed religious persecution or racial discrimination. His claim of selective prosecution seems to be based solely on the fact that he is being prosecuted, and there are some others who are not. Defendant here fails to account for his alleged co-conspirators–those who are similarly situated to him and are similarly being prosecuted. Although Defendant claims to have evidence that the Antitrust Division "generated a 'list' of individuals involved in bid-rigging in public foreclosure auctions and priority of prosecution of the individuals," Reply at 3, the existence of such a list is not evidence of discriminatory effect or purpose. Merely alleging "intentional bias," *id.* at 4, based upon the government's decision to prosecute Defendant is not sufficient to meet the rigorous standard required to establish selective prosecution and warrant a dismissal of the Indictment.

**B.      The Defendant Has Failed to Show That He Is Entitled to Discovery With Regard to the Issue of Selective Prosecution and Enforcement**

The standard for discovery in aid of a selective prosecution claim is "correspondingly rigorous." *Armstrong*, 517 U.S. at 468. The defendant bears the burden of providing "some evidence tending to show the existence of the essential elements of the defense." *Jordan*, 635 F.3d at 1188 (quoting *Armstrong*, 517 U.S. at

468) (quotation marks omitted). Thus, in order to obtain discovery in support of a selective prosecution claim, a defendant must show both discriminatory effect and discriminatory purpose. *Armstrong*, 517 U.S. at 468. In order to obtain an evidentiary hearing, a defendant "must present facts sufficient to create a reasonable doubt about the constitutionality of a prosecution." *Silien*, 825 F.2d at 322 (quotation marks omitted).

In *United States v. Armstrong*, 517 U.S. at 458, the Court considered whether criminal defendants who were indicted for conspiracy to possess and distribute cocaine and various firearms offenses had made the necessary showing to be entitled to discovery on a claim of selective prosecution. *Id.* The defendants argued that they were selected for federal prosecution because they were black. *Id.* at 459. In support of their motion to dismiss the indictment or for discovery with regard to their selective prosecution claim, the defendants put forth evidence that in each of the 24 conspiracy to possess and distribute cases the Office of the Federal Public Defender in the Central District of California had seen that year, the defendant had been black. *Id.* The District Court dismissed the indictment, and the Ninth Circuit affirmed the District Court's ruling. *Id.* at 461. The Supreme Court reversed, holding that in order to establish entitlement to discovery in support of a selective prosecution claim, the defendant must first produce credible evidence that similarly situated defendants of other races

13

could have been prosecuted but were not. *Id.* at 469-71. Without that, a defendant

cannot meet the discriminatory effect prong. *Id.* at 458. The Court reasoned that the

evidence put forth by the defense did not "identify individuals who were not black and

could have been prosecuted for the offenses for which respondents were charged, but

were not so prosecuted." *Id.* at 470. Furthermore, any evidence that the defense had

put forward was "anecdotal" and "hearsay." *Id.*

In this case, Defendant has failed to put forth any evidence aside from bare

assertions that there are others similarly situated who are not being prosecuted.

Furthermore, he has completely skirted the issue of discriminatory purpose, instead

focusing on the fact that the government's decision to prosecute him, when it could

prosecute someone else, is enough to constitute selective prosecution. Were that the

case, or were that enough to warrant discovery with regard to a selective prosecution

claim, that would defeat the very idea that there is a demanding burden on the defense

to defeat the presumption of the constitutionality of government prosecutions. Bare

assertions that a prosecution is arbitrary and unconstitutional, which are based only

upon a defendant's contention that the government is not prosecuting "similarly

situated" actors, do not rise to the level required by the discriminatory purpose prong.

Though this Court recognizes the difficulty of pleading sufficient facts without

14

discovery, bare allegations are not sufficient to establish the need for discovery.[4] It follows that Defendant's request for an evidentiary hearing is similarly denied because, in failing to produce even "some evidence" of selective prosecution, he has failed to create a reasonable doubt as to the constitutionality of the prosecution.

## III.  RECOMMENDATION

For the reasons explained above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss the Indictment Based Upon Selective Prosecution and Enforcement [29] be **DENIED**.

**IT IS SO RECOMMENDED** this 16th day of September, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[4] The government argues that if a sufficient showing were made by Defendant to warrant discovery, Defendant would still not be entitled to all he is asking for because Rule 16 is not available to a defendant for selective prosecution claims and Defendant is requesting privileged material. Response at 9-13. The Court declines to reach these issues because, as explained above, Defendant failed to produce any evidence to support his claim of selective prosecution.